JAMIL AL-AMIN,

    Plaintiff,

v.

HUGH SMITH; SANCHE JACKSON; JAMES E. DONALD, and STEPHEN UPTON,

    Defendants.

CIVIL ACTION NO.: CV607-026

# ORDER

After an independent and de novo review of the entire record, the undersigned concurs with the Magistrate Judge's Report and Recommendation, to which Objections have been filed. In their Objections, Defendants request that the Court decline to adopt the Magistrate Judge's recommendation that Al-Amin alleged Defendant Smith retaliated against him in Grievance Number 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. Defendants assert that Plaintiff did not explicitly state in this grievance that Defendant Smith denied him visitation privileges due to retaliation or because Plaintiff had legal actions pending. Defendants also allege that Plaintiff has shown himself to be an intelligent and articulate person who could have clearly alleged retaliation in this grievance if he had wanted. (Doc. No. 90, p. 6, n.1). Defendants contend that the Magistrate Judge abused his discretion to "require Defendant Smith to address, as part of [Plaintiff's] visitation-retaliation claim, an unnamed visitor from Detroit when [Plaintiff] himself did not include this alleged November 2005 visitation in his three Complaints and his responses to two

AO 72A
(Rev. 8/82)

very specific interrogatories." (Id. at 7-8). Defendants assert that, even if Plaintiff had alleged that Defendant Smith denied visitation to an unnamed visitor in November 2005, it would still be difficult to address this claim because it would not satisfy the intent behind and requirements of Federal Rule of Civil Procedure 8(a)(2). Defendants further assert that the record proves that Defendant Smith used specific, non-retaliatory criteria to determine which non-significant others could visit Plaintiff and that he did not deny visitation privileges to any requested visitor based on a retaliatory motive. Defendants aver that the Magistrate Judge erred by recommending that Defendant Smith is not entitled to qualified immunity because, at worst, the evidence would show that he had a mixed motive in denying Plaintiff's visitation in November 2005. Finally, Defendants state that Plaintiff is precluded from recovering compensatory or punitive damages on the sole remaining retaliation/visitation claim, as he has not set forth evidence supporting his physical injury claim.

A fair reading of the Magistrate Judge's Report, in conjunction with the entire record, indicates that the Magistrate Judge found that Plaintiff filed Grievance Number 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 on November 25, 2005, and alleged that his visitation from the day before was terminated based on Defendant Smith's orders and that he had legal actions pending against Defendant Smith. These allegations are sufficient to establish that Plaintiff contends that Defendant Smith terminated Plaintiff's visitation privileges based on a retaliatory motive. Plaintiff then filed another grievance approximately two (2) weeks later (Number 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) in which he stated that Defendant Smith terminated his visits with people who traveled from Detroit, Michigan. While it is true Plaintiff did not name any particular visitor in either of these grievances and he did not allege in

AO 72A
(Rev. 8/82)

Grievance Number 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 that Defendant Smith terminated his visitation based on a retaliatory motive, it appears that Plaintiff exhausted his administrative remedies based on his claim that Defendant Smith denied or terminated his visitation privileges on at least one occasion, but perhaps on as many as two occasions, out of retaliation. It also appears that the Magistrate Judge cited to Grievance Number 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 to illustrate his findings that Plaintiff exhausted his administrative remedies on this issue. The Court is not aware of a requirement for a plaintiff to be any more specific in his pleadings than to make the party against whom he brings claims aware of the claim(s) he has brought. See FED. R. CIV. R. 8(a)(2). In addition, Defendant Smith sets forth a new ground in his Objections that was not set forth in his Motion—that Plaintiff's retaliation/visitation claims do not meet the civil pleading requirements. Further, it appears that the Magistrate Judge recommended that Defendant Smith be denied summary judgment on the merits of Plaintiff's retaliation/visitation claim because there is no evidence in the record to support Defendant Smith's assertion that there are no genuine issues of material fact and that he is entitled to judgment as a matter of law. Finally, Defendant Smith is not entitled to qualified immunity on Plaintiff's retaliation/visitation claim, as noted in the Magistrate Judge's Report and Recommendation.

Defendants' contention that Plaintiff is precluded from recovering compensatory or punitive damages because he has not produced evidence supporting a physical injury claim is unavailing. The relevant statute provides: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42

U.S.C. § 1997e(e). This statute prohibits prisoners from seeking damages for mental or emotional injury without a showing of a physical injury. This statute does not prevent a prisoner from seeking compensatory or punitive damages for a wide range of alleged constitutional violations, such as certain due process violations or First Amendment violations which often do not result in any physical injury.

Plaintiff also filed Objections to the Magistrate Judge's Report and Recommendation. In his Objections, Plaintiff asserts that there was no federal administrative remedy available to him regarding his claim that he was improperly transferred at the behest of Georgia state officials, and exhaustion should not be required. According to Plaintiff, he had no administrative remedies available to him to grieve about being transferred out of retaliation.

Plaintiff's Objections largely set forth the same allegations as are contained in his Response to Defendants' Motion for Summary Judgment. The evidence before the Court indicates that Plaintiff could have filed an Administrative Remedy Request after his transfer to federal custody and alleged that he was transferred based on retaliation. Plaintiff did not do so; nevertheless, Plaintiff did file an Administrative Remedy Request in which he asserted he was transferred away from his family, and he sought a transfer back to state custody or to a federal facility closer to his home. Plaintiff, once again, does not show that the administrative remedy procedure was unavailable to him once he was placed in federal custody or that he filed an administrative request grieving about his transfer being made as a retaliatory measure.

The Magistrate Judge's Report and Recommendation is adopted as the opinion of the Court. Defendants' Motion for Summary Judgment is **GRANTED** in part and

**DENIED** in part. Plaintiff's claims against Defendants Jackson, Donald, and Upton are **DISMISSED**. Plaintiff's claim that Defendant Smith retaliated against him by restricting his telephone privileges is **DISMISSED**. The portion of Defendants' Motion based on 18 U.S.C. § 3626 is **DISMISSED** as moot. The portions of Defendants' Motion based on Plaintiff's claim that Defendant Smith retaliated against him by denying Plaintiff visitation privileges and Plaintiff's claim for monetary damages are **DENIED**. These are the only claims remaining.

SO ORDERED, this 16th day of Sept., 2009.

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA