UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

JAMIL AL-AMIN,

Plaintiff,

v. 607CV026

HUGH SMITH, SANCHE JACKSON, JAMES E. DONALD, and STEPHEN UPTON,

Defendants.

## ORDER

### I. INTRODUCTION

Presently before the Court is Defendants' motion for reconsideration. Doc. # 95. Defendants urge the Court to reconsider its determination on summary judgment that Plaintiff is not prohibited from seeking compensatory and punitive damages on his First Amendment retaliation claim pursuant to 42 U.S.C. § 1983 because, Defendants claim, that determination "directly conflicts with prior holdings of this District and intervening law from the Eleventh Circuit Court of Appeals." *Id.* at 1.

### II. BACKGROUND

Plaintiff Jamil Al-Amin brought this § 1983 case contesting certain conditions of his confinement while he was housed at Georgia State Prison in Reidsville, Georgia. Doc. # 1. Defendants moved for summary judgment as to Plaintiff's claims. Doc. # 52. In his Report and Recommendation ("R&R"), the Magistrate Judge ("MJ") recommended the dismissal of all of Plaintiff's claims save for his claim that Defendant Smith restricted his visitation privileges on one particular occasion in retaliation for the Plaintiff having filed lawsuits against him. Doc. # 88 at 22.

At issue here is the Court's adoption of the MJ's recommendation that the Court deny Defendants' claim that Plaintiff is prohibited from seeking any monetary damages (with the exception of nominal damages) on the retaliation claim. *Id.* at 24. In particular, the MJ determined that 42 U.S.C. § 1997e(e)'s limitation that "[n]o Federal civil action may be brought by a prisoner ... for mental or emotional injury suffered while in custody without a prior showing of physical injury," did not restrict Plaintiff's monetary damages claim here, because Plaintiff sought damages for "more than emotional injuries." *See* doc. # 88 at 24. Despite Defendants' objections to the R&R, this Court adopted the MJ's recommendations. Doc. # 94. In its Adoption Order, the Court elaborated that § 1997e(e) did not restrict Plaintiff's monetary recovery options because the statute "does not prevent a prisoner from seeking compensatory or punitive damages for a wide range of alleged constitutional violations, such as certain due process violations or First Amendment violations which often do not result in any physical injury." *Id.* at 4.

Defendants now move the Court to reconsider its determination on the compensatory and punitive damages issue, which they claim directly contradicts "prior holdings of this District and intervening law from the Eleventh Circuit Court of Appeals." Doc. # 95 at 1.

### III. ANALYSIS

"Reconsideration may be necessary if there is (1) newly discovered evidence, (2) an intervening development or change in controlling law, or (3) the need to correct a clear error or prevent manifest injustice." *Jersawitz v. People TV*, 71 F. Supp. 2d 1330, 1344 (N.D. Ga. 1999).

Defendants first bring to the Court's attention the fact that, several days prior to

the entry of this Court's Adoption Order, the Eleventh Circuit issued an opinion that Defendants claim directly contradicts this Court's stance on Plaintiff's entitlement to compensatory and punitive damages. Doc. # 95 at 1-3 (discussing Eleventh Circuit's opinion in *Williams v. Brown*, 2009 WL 2883496, at *5 (11th Cir. 9/10/09)). In *Williams*, the Eleventh Circuit upheld the dismissal of a § 1983 inmate-plaintiff's claims for compensatory and punitive damages flowing from his First Amendment retaliation claim, due to his failure to allege any physical injury. 2009 WL 2883496, at *5. Plaintiffs thus urge this Court to "follow the precedent and reasoning of the *Williams* decision and dismiss Plaintiff Al-Amin's claims for compensatory and punitive damages" due to his failure to allege a sufficient physical injury. Doc. # 95 at 3.

Defendants additionally implore the Court to consider a prior Order in which this Court held that a § 1983 inmate-plaintiff claiming to have suffered a due process violation was not entitled to compensatory and punitive damages without a showing of a physical injury. *Id.* at 3-6 (discussing *Coleman v. Howerton*, 5:03-CV-113 doc. # 48 (S.D. Ga. Order entered 3/31/05)). The MJ there had recommended that § 1997e(e)'s physical injury requirement did not apply because the plaintiff sought to "remedy an alleged due process violation[,] and not to recover for mental or emotional injury." *Coleman*, 5:03-CV-113 doc. # 48 at 4. The District Court deemed improper the MJ's opinion that the plaintiff's claims could "continue based upon the constitutional violation and not upon any actual injury." *Id.* The Court emphasized that a plaintiff cannot recover for "some undefinable [sic] 'value' of infringed rights," and held that § 1997e(e) requires that a plaintiff alleging a constitutional violation "must make a showing of actual injury that resulted from an alleged constitutional deprivation." *Id.* (citations omitted). The Court then explained that, in order to ensure that a plaintiff has alleged and shown an adequate requisite injury, a court should initially determine whether the plaintiff's injury or wrong is mental and/or emotional. *Id.* at 7. If it is either or both types, then the plaintiff "must also allege physical injury in order to proceed with his claim while in custody." *Id.* The Court then determined that Coleman had suffered only mental and emotional damages as a result of the alleged due process violation, and, because he had failed to allege a physical injury, his compensatory damages claims were barred by § 1997e(e). *Id.* at 8.

The *Coleman* Court also held that punitive damages were likewise barred due to the failure to allege a physical injury. *See id.* at 9-11. Although the Court expressed reservations about the reasoning of Eleventh Circuit precedent holding that "a prisoner plaintiff's failure to allege physical injury bars not only his claim for compensatory damages but punitive damages as well," the Court acknowledged that, "[a]s a lower court, it [wa]s bound to follow the Court of Appeals' interpretation of § 1997e(e)." *Id.* As a result, the Court dismissed Coleman's punitive damages claim. *Id.* at 11.

According to Defendants, the *Coleman* Order demonstrates that, in similar cases in the past, this Court, in adherence with Eleventh Circuit precedent, has dismissed inmate-plaintiffs' compensatory and punitive damages claims where the inmates did not show that they had also suffered a physical injury as a result of the constitutional violation. Doc. # 95 at 3-4.

The Court will now address the application of the cited cases to each type of monetary damages at issue.

2

## A. Compensatory

The applicable Supreme Court precedent requires "that compensatory damages in a § 1983 suit be based on actual injury caused by the defendant rather than the 'abstract value' of the constitutional rights that may have been violated." *Slicker v. Jackson*, 215 F.3d 1225, 1230 (11th Cir. 2000) (referencing *Carey v. Piphus*, 435 U.S. 247 (1978) and *Memphis Cmty. Sch. Dist. v. Stachura*, 477 U.S. 299 (1986)). The Prison Litigation Reform Act of 1996 injects into that standard the more particular requirement that, where an inmate alleges a mental or emotional injury, he must additionally show that he incurred some physical injury. 42 U.S.C. § 1997e(e).

The Court acknowledges that its statements regarding Plaintiff's injuries in light of § 1997e(e) were rather vague. First, in the R&R, the MJ concluded simply that § 1997e(e)'s physical injury requirement does not apply here because Plaintiff has sought damages for "more than emotional injuries." Doc. # 88 at 24. Then, in the Adoption Order, the Court elaborated that § 1997e(e)'s physical injury requirement does not apply because it "does not prevent a prisoner from seeking compensatory or punitive damages for a wide range of constitutional violations, such as certain due process violations or First Amendment violations which often do not result in any physical injury." Doc. # 94 at 4. These statements shed no light on exactly what type(s) of injury the Court determined that Plaintiff *has* alleged here, whereby his compensatory and punitive damages claims may proceed.

The Court has undertaken a second review of the relevant pleadings, motions, and briefs, in light of Defendants' motion for reconsideration. In order to correct a clear error, the Court will reconsider and alter its original holding, so that it may reach a more accurate and appropriate conclusion in light of the facts at hand.

In his Amended Complaint, Plaintiff presented a laundry list of "injuries" caused by, *inter alia*, the retaliatory denial of visitation. Doc. # 41 at 24. Most of these constitute either mental or emotional injuries (i.e., "other ... mental, and emotional injury") or mere effects of the constitutional violation that do not necessarily involve a specific actual injury (i.e., "undermining and chilling [of] Mr. Al-Amin's ability to exercise his free speech rights"). *See id.* Plaintiff's physical injury allegation is very vague: he claims he has suffered "other physical ... injury as a result of [his] forgone opportunities to speak and interact with personal visitors and other persons seeking to offer moral legal, spiritual, and emotional support to [him]." *Id.* Plaintiff urges the Court to deem the stress he has suffered (as well as an allegedly partially-stress-induced aneurysm on his artery) a sufficient physical injury upon which his compensatory damages claim may proceed. Doc. # 96 at 5. The Court, however, is not convinced, that stress (nor the "development of an aneurysm" that has otherwise caused him no physical harm or injury) constitute sufficient physical injuries that are sufficiently causally connected to the denial of one visitor to him on one occasion.

Accordingly, the Court finds that Plaintiff has not alleged a physical injury that is (1) sufficiently connected to the alleged retaliation and (2) greater than *de minimis*, as required by circuit precedent. *See Harris v. Garner*, 190 F.3d 1279, 1286-87 (11th Cir.), *opinion reinstated in part on reh'g*, 216 F.3d 970 (11th Cir. 2000) (en banc). Plaintiff, therefore, has not satisfied § 1997e(e)'s physical injury requirement, and he thus may not recover compensatory damages on his claims, which are for, at most, mental and emotional injuries.

3

### B. Punitive Damages

Likewise, the Court reconsiders its original denial of summary judgment to Defendants on Plaintiff's punitive damages claim. In light of the prevailing precedent in this circuit and this district, Plaintiff's claim for punitive damages may not proceed, as he has not alleged a sufficient physical injury in satisfaction of § 1997e(e). *See Williams*, 2009 WL 2883496, at *5 ("[B]ecause he has not alleged the requisite physical injury, the district court properly dismissed [Plaintiff's] compensatory and punitive damages claims.") (citing *Harris v. Garner*, 190 F.3d at 1286-87); *see also Coleman*, 5:03-CV-113-JEG doc. # 48 at 11.

### IV. CONCLUSION

For the foregoing reasons, Defendants' motion for reconsideration is *GRANTED*. Doc. # 95. Upon reconsideration, Plaintiff's claims for compensatory and punitive damages due to Defendant Smith's retaliation against him by denying him visitation privileges are hereby *DISMISSED*. As a result, he is limited to seeking only nominal damages on the claim.

This day of 3 December 2009.

*[signature]*

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA