IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

JAMIL AL-AMIN,

   Plaintiff,

v.                  CIVIL ACTION NO.: CV607-026

HUGH SMITH,

   Defendant.

## ORDER

After an independent and *de novo* review of the entire record, the undersigned concurs with the Magistrate Judge's Report and Recommendation. Plaintiff filed Objections to the Magistrate Judge's Report and Recommendation, and Defendant filed a Response. In his Objections, Plaintiff states that Defendant's Supplemental Motion was filed approximately a year after the expiration of the dispositive motions deadline and relies on evidence which was available before this deadline. Plaintiff also states that this Motion essentially is a motion for reconsideration of this Court's Order denying summary judgment on the only claim remaining in this cause of action, and the motion does not meet the rigorous standards for reconsideration. Plaintiff further states that the Magistrate Judge's reliance on "the key factual ruling"—that Plaintiff's visitation properly was canceled due to a peaceful protest of his incarceration—ignores the fact that this

visitation previously had been approved and the cancellation "reflects retaliation." (Doc. No. 113, p. 2). Plaintiff asserts that the evidence related to Defendant's purported security concerns does not compel the conclusion that Defendant did not act out of retaliation; rather, Plaintiff contends, this evidence presents a jury issue as to whether the termination of this visitation was retaliatory or justified for non-retaliatory reasons.

Defendant alleges that this Court did not abuse its discretion in permitting him to file a Supplemental Motion for Summary Judgment, as he showed excusable neglect to permit this late filing. Defendant also alleges that he did not address Plaintiff's November 2005 visitation-retaliation claim previously because Plaintiff failed to specifically identify Luqman Abdullah as the person whose visitation was denied. Defendant avers that his Supplemental Motion was the proper procedural pleading to address the remaining claim in this case, as it was not addressed in his original Motion for Summary Judgment. Finally, Defendant asserts that there is no evidence that he retaliated against Plaintiff by terminating his visitation in November 2005, and, even if there were evidence of retaliation, Defendant would have denied this visitation even in the absence of an improper motive.

Plaintiff has offered no evidence to sustain his burden of establishing the existence of a genuine issue of material fact which would allow a jury to determine whether Defendant retaliated against Plaintiff by denying visitation with Luqman Abdullah on November 24, 2005, or if Defendant's actions were proper in so doing. The Report and Recommendation of the Magistrate Judge is adopted as the opinion of the Court. Defendant's Supplemental Motion for Summary Judgment is **GRANTED** and

AO 72A
(Rev. 8/82)

Plaintiff's Complaint is **DISMISSED**. The Clerk of Court is directed to enter the appropriate judgment of dismissal.

**SO ORDERED**, this 26th day of August, 2010.

*B. Avant Edenfield*
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)